**MLPGA, INC., Appellant,**

v.

**Don WEEMS, Respondent.**

**No. WD 44868.**

Missouri Court of Appeals,
Western District.

July 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 1, 1992.

Application to Transfer Denied
Oct. 27, 1992.

William H. Thomas, Jr., Rolla, for appellant.

David Van George Brydon, Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

The issue in this case is whether respondent Don Weems is entitled under the terms of his contract of employment with his employer, MLPGA, Inc., to retain $74,449.51 in compensation paid to him during the period beginning January 1, 1986, and ending with his resignation as of January 15, 1990. MLPGA, Inc., claims he was overpaid by that amount. Mr. Weems claims he was entitled to the amount. The trial court agreed with Mr. Weems and disallowed MLPGA's claim for a setoff of such amount against $73,634.69 owed by MLPGA to Mr. Weems. MLPGA has appealed to this court. We reverse the judgment.

The facts are as follows:

The Missouri LP Gas Association was a voluntary association of Missouri LP gas dealers. Mr. Weems was executive secretary of the association. The association formed a business corporation by the name of MLPGA, Inc., of which the association was the sole stockholder. The stock of the corporation was held in a blind trust. The business of the corporation was that of an insurance agency, selling insurance to LP gas dealers. Mr. Weems, besides being executive secretary of the trade association, was a director and the chief executive officer of the corporation. Mr. Weems received a salary from the association and as compensation for his services to MLPGA received 25 percent of the insurance commissions.

At the end of 1985, Mr. Weems resigned as executive secretary of the association to devote his full time and efforts to MLPGA and its insurance business. His compensation was increased from 25 percent of commissions to 50 percent of commissions, effective January 1, 1986.

The dispute between MLPGA and Mr. Weems is whether a certain three percent override commission received by MLPGA from Ranger Insurance Company in addition to the regular 15 percent commission was included in the base upon which Mr. Weems's compensation was computed.

The three percent override commission was negotiated between MLPGA and Ranger Insurance Company in 1982, at a time when MLPGA was discontinuing its own insurance company and going exclusively to Ranger. This override commission was consideration for MLPGA's undertakings, described in the MLPGA board of directors minutes for November 23, 1982, as follows: "(W)rite exclusively for Ranger with minor agreed to exceptions, that MLPGA will regularly promote in its publication and various other places the sale of Ranger insurance and that MLPGA would encourage the endorsement of the Ranger Companies by the Missouri LP–Gas Association and the Illinois LP–Gas Association. It was also agreed that personal contact be made in behalf of Ranger to dealers in Missouri and Illinois by Don Weems and Bill Norman."

This three percent override commission was treated as a dedicated fund. The override commissions received from premiums

from Illinois dealers were paid to the Illinois LP Gas Association, and that received from Missouri dealers was paid to Missouri LP Gas Association as "educational grants." The obvious dual purpose was to build good will for MLPGA and Ranger, with the voluntary associations of Missouri and Illinois and through them with their dealer members. Mr. Weems never claimed any part of this three percent override commission, before January 1, 1986, and does not now contend he was entitled to a commission on the override before the compensation rate was raised to 50 percent by the September 27, 1985, telephone conference meeting of the directors. The parties' own interpretation of what commissions were included within that term as used in the employment contract, long acquiesced in by both parties thereto, is entitled to the greatest weight upon the issue of the term's meaning. *Landau v. Laughren*, 357 S.W.2d 74 (Mo.1962). In the *Landau* case the court said: "If there were any doubt or ambiguity with regard to the agreement and its terms, the conduct of the parties ... would be quite conclusive. It is well established that in construing an ambiguous or disputed contract the interpretation the parties placed on it by their conduct is of great weight in determining what the agreement actually was. Where a party by his performance construes the contract in a manner that is against his interest, his actions are generally considered conclusive against him." *Id.* at 80.

By an MLPGA directors' meeting held by conference telephone call on September 27, 1985, Mr. Weems's compensation was agreed to be raised from 25 percent to 50 percent, effective January 1, 1986. Other changes were agreed upon with respect to Mr. Weems's travel expenses and benefits. At this meeting Mr. Weems was asked how much his compensation and benefits would be under the new arrangement, "based on present premium volumes." His detailed and itemized answer assumed his compensation was based upon only the 15 percent regular commissions paid to MLPGA by Ranger, without the addition of the three percent override commission. There was no reference to the three percent override commission, nor to any change in the base upon which the Weems compensation would be computed. These minutes were prepared by Mr. Weems himself after the meeting. It cannot be contended that the directors had any intention to include the additional three percent in the base upon which Mr. Weems's compensation was paid. In fact, Mr. Weems testified that while he intended inclusion of the three percent override commission, he did not mention it to anyone. Nonetheless, Mr. Weems's position in the trial court and here is that the new employment contract changed the base from regular commissions (15 percent) to regular-plus-override commissions (18 percent).

Sometime after September 27, 1985, and before April 1, 1986, all the directors of MLPGA resigned, except Mr. Weems. Their reason for resigning was the unavailability, or the excessive cost, of directors and officers liability insurance. Mr. Weems was left as the sole director of MLPGA, and its only executive. He for the first time began taking his compensation on the basis of the regular commissions plus override commissions. This had the effect of increasing his compensation by 20 percent, and amounted, over the four-year period in question here, to $74,449.51. The evidence is overwhelming, and in fact is undisputed, that Mr. Weems's election to include the override commissions in his compensation base was his unilateral act.

The trial court's judgment was unsupported by substantial evidence, and was a misapplication of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is reversed, and the case is remanded to the trial court for the entry of a new judgment in accordance with the foregoing opinion.

All concur.